VOLOSHIN CADILLAC COMPANY *v.* GEORGE R. WISCHERT
ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE NO. 111669
                             NEW HAVEN

Memorandum filed April 7, 1980

*Winnick, Resnik, Skolnick & Auerbach,* for the plaintiff.

*Celentano & Gildea,* for the named defendant.

FALSEY, J. In June, 1974, and in March, 1975, the named defendant purchased Cadillac automobiles from the plaintiff. Those sales would have called for a sales tax in the total amount of $797.60. Neither the retail order nor the bill of sale relative to either purchase set forth the applicable sales tax. The defendant thought that the taxes were included in the prices he paid. In 1976 the state tax department assessed the plaintiff $456 for the sale in 1974 and $341.60 for the sale in March, 1975. The plaintiff seeks reimbursement of those amounts in this action and apparently relies on § 12-408 (2) of the General Statutes in doing so.

That section provides for collection of the tax by the retailer from the consumer and for reimbursement by the consumer to the retailer. The final sentence of the section reads, in pertinent part, as fol-

lows: "Such tax shall be a debt from the consumer to the retailer, when so added to the original sales price, and shall be recoverable at law in the same manner as other debts . . . ." If the phrase "when so added to the original sales price" were omitted, that sentence would have the meaning claimed by the plaintiff. The question then arises as to whether this phrase changes the meaning. It is presumed to have a purpose and cannot be regarded as superfluous. *Kulis* v. *Moll,* 172 Conn. 104, 111. The insertion of the phrase makes the tax a debt *if* the tax is added to the original sales price. The word "when" is often used to mean "if" in legislative enactments. Black's Law Dictionary (4th Ed. Rev.). Further, to construe the word "when" in a time sense would lead to the strange conclusion that the tax would become a debt whenever it was added.

This court therefore concludes that the failure of the plaintiff to add the amount of the tax to the sale price at the time of sale precludes the tax from becoming a debt of the defendant. Section 12-408 (4) prohibits a retailer from stating that the tax will be assumed or absorbed by the retailer or stating that it will not be added to the sales price. This subsection is clearly directed to the retailer subjecting him to a fine for violation and would not seem to affect the consumer in any way.

Judgment may enter for the defendant on each count.